**UNITED STATES of America,**
**Appellee,**

v.

**Maria GARCIA, Defendant–Appellant.**

No. 05–3340.

United States Court of Appeals,
Second Circuit.

Feb. 1, 2006.

Timothy W. Hoover, Assistant Federal Defender (MaryBeth Covert, on the brief), Federal Public Defender's Office, Buffalo, NY, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED** in part and **REMANDED** in part.

In December 2004, defendant Maria Garcia pleaded guilty to committing forced labor in violation of 18 U.S.C. § 1589.[1] She, her husband and her two sons (who were charged in the same indictment and who also pleaded guilty) participated in a scheme to recruit migrant farm workers near the Mexico–Arizona border and bring them to western New York State to work on farms. The laborers were instructed that they had to continue working until they paid off debts to Garcia and her family.

After pleading guilty, Garcia was sentenced on May 26, 2005 principally to forty-six months of incarceration, three years of supervised release and an obligation to pay $257.50 in restitution. On appeal, she challenges two conditions of her supervised release—namely, (1) that she provide her probation officer access to all her financial records while on supervised release, even after she has satisfied her restitution obligation and (2) that she not associate with convicted felons.[2] We assume the parties' familiarity with the underlying facts and procedural history.

Defendant argues that the District Court erred in imposing as a special condition of her supervised release that she provide her probation officer any requested financial information. According to defendant, this condition should only apply so long as her restitution obligation is outstanding. Contrary to defendant's contention, U.S.S.G. § 5D1.3(d)(3) does not *require* that a condition of financial monitoring be terminated upon completion of a restitution obligation. *See United States v. Brown,* 402 F.3d 133, 137 (2d Cir.2005).

1. 18 U.S.C. § 1589, "Forced Labor," provides, in pertinent part:

[w]hoever knowingly provides or obtains the labor or services of a person—
(1) by threats of serious harm to, or physical restraint against, that person or another person;
(2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or

(3) by means of the abuse of threatened abuse of law or the legal process,
shall be fined under this title or imprisoned not more than 20 years, or both.

2. Initially on appeal, defendant also challenged the condition of her supervised release that she cooperate in the collection of a DNA sample, as well as the District Court's failure to orally pronounce that condition at sentencing, despite defendant's objection to it in her pre-sentencing submission. Defendant expressly withdrew those contentions on appeal by supplemental letter brief.

In consideration of the record and the nature of the crime of conviction, we conclude that it was not an abuse of discretion, *see United States v. Ismail,* 219 F.3d 76, 78 (2d Cir.2000) (conditions of supervised release reviewed for abuse of discretion), for the District Court to impose a financial monitoring condition on defendant, even if that condition persisted following her completion of her restitution obligation. *See Brown,* 402 F.3d at 137–38.

Defendant also argues that it was error to subject her to the standard condition of supervised release that prohibited her from associating with convicted felons in light of the fact that her husband and two sons pleaded guilty to felonies in connection with this prosecution. We need not reach this issue because the Government has consented to a remand so that the District Court might clarify the condition.

We hereby AFFIRM the judgment of the District Court with respect to the financial disclosure condition and REMAND with respect to the association with felons condition for further proceedings to clarify that condition.